HOLLIDAY (GORDON v.). See Case No. 5,-610.

HOLLIDAY (MOORE v.). See Case No. 9,-765.

HOLLINGS (ASHCROFT v.). See Case No. 579.

HOLLINGSHEAD (KURTZ v.). See Cases Nos. 7,952 and 7,953.

## Case No. 6,611.

### HOLLINGSWORTH v. ADAMS.

[2 Dall. 396.] [1]

Circuit Court, D. Pennsylvania. 1798.

JURISDICTION OF FEDERAL COURTS—FOREIGN ATTACHMENTS.

No civil suit can be brought before a United States circuit or district court in any other district than that whereof defendant is an inhabitant, or in which he shall be found.

[Cited in Picquet v. Swan, Case No. 11,134; Atkins v. Fibre Disintegrating Co., Id. 602.]

Foreign attachment returnable to the present term. The defendant was stated to be a citizen of Delaware, in the process which had issued; and M. Levy, having produced an affidavit in proof of that fact, moved to quash the writ, on the ground, that the federal courts had no jurisdiction, in cases of foreign attachment. By the 11th section of the judicial act,—1 Swift, Laws, 55 [1 Stat. 78],—it is expressly provided, that "no person shall be arrested in one district for trial in another, in any civil action before a circuit, or district, court: And no civil suit shall be brought before either of the said courts against an inhabitant of the United States, by any original process. in any other district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ." Now, this is a civil suit, brought here by original process against the defendant, who is an inhabitant of another district, and was not found in Pennsylvania at the time of serving the writ.

Thomas & Hallowell, on behalf of plaintiff, wished for time to enquire into the practice; but not being able on the next day to assign any satisfactory reason in maintenance of the action,

THE COURT directed the writ to be quashed with costs.

---

[1] [Reported by A. J. Dallas, Esq.]